We'll hear argument next in Rebensdorf v. Correction Officer Jeffrey Grant, 164169. Good morning, may it please the court, I'm Lydia Malik from the law firm of Martha Kalina along with my colleague, appointed pro bono counsel, Pro Lay Das, representing the appellant Glenn Rebensdorf. I've reserved two minutes for rebuttal. The U.S. Supreme Court has noted in the United States v. Raddatz that as a matter of constitutional due process, a district court must give de novo review to parts of a magistrate judge's report and recommendation that have been objected to. In this case, the district court applied the wrong clear error standard of review, as have other districts in this circuit. Now this circuit has never expressly announced this standard. And other circuits What does it matter? So if he had applied the standard that you claim he should have applied, what would have been the difference? Your Honor, this is not harmless error. If the district court had given de novo review, it would have adequately assessed and independently assessed the evidence of Mr. Rebensdorf's mental illnesses. It would have triggered a Rule 17c inquiry, a requirement under the Federal Rules of Civil Procedure. But the problem for you is that the evidence of his mental issues doesn't really help you very much. I mean, the second letter in particular doesn't even support the fact that he could not make a decision at the time of his plea. So, I mean, even if it's reviewed de novo, it doesn't seem to help you on his mental capacity. Well, Your Honor, if we look at both of the pieces of, both of the letters that were submitted by the medical, by the doctor here, in November of 2015, Mr. Rebensdorf submitted a letter that said that he, Mr. Rebensdorf was delusional, that he suffered from delusions, that he wasn't, in reality, he was, quote, incapable at the time of making any decisions. And then in the letter that you reference, Your Honor, that Mr. Rebensdorf signed a settlement agreement not knowing what he was doing, and he was not in the right state of mind when he signed it. Both of these letters are sufficient under Ferelli. I may not have that letter in front of me. Let me just see. The first letter was filed in the Eastern District of New York. It's ECF number nine. It's in the record. I'm looking for the letter. Remind me, that's signed by whom? By a board-certified psychiatrist, Dr. Ashraf El-Shafi. Nine, ten, and forty-eight, is that? Sorry? ECF number nine in the lower court. So, Your Honor, under Ferelli, this court has stated a standard that where there is documentation by a mental health professional that the party has a mental incapacity, that in itself, the existence of the documentation in itself triggers a duty upon the court to consider whether Rule 17c protections should be afforded. And here, that was not, those protections were not provided to Mr. Rebensdorf. So, in reading the letter, there are actually two letters, it seems to me, but the problem with the letter, but you can help me out, is that it's very conclusory. Your Honor, while that— And that's obviously the counter-argument. That is the counter-argument, and we would say that there should have been a hearing on this, that if the magistrate judge felt that there was no basis, as she says, for this determination, then there should have been a hearing. Talking about the magistrate judge who took the settlement, I mean, she observed, she had an extensive discussion with him at the time of the settlement, and she made findings based on her observations at the time. Your Honor, while that is true, in Forelli, this court has actually stated that— And you don't think we would defer to that, to a judicial officer who actually saw the person during the settlement and was in a position to assess whether or not he seemed to understand what was going on? Well, when there is a mental illness at issue, the courts don't have an obligation to police the conduct of a party to determine whether or not they have a mental incompetency that would prevent them from entering into a settlement agreement. Here, where there is documentation that has been submitted throughout the course of litigation, there was a duty to at least consider the inquiry of whether Rule 17c protections applied, and in Forelli, this court has held that failure to consider whether Rule 17c applies can be an abuse of discretion. What was the information that was tendered before this letter you just referenced? The letter, the information regarding— You said there was indication of incapacity throughout the proceedings. What are you referring to? This letter that Mr. Riebensdorf submitted on November 16, 2015, this was in relation to his appointment of counsel, or it was right before his request for appointment of counsel, which was never ruled on and effectively denied. And he says that Mr. Riebensdorf was delusional and he was incapable at the time of making any decisions. And this, admittedly, is in relation to his arrest, but it does show that he had mental illnesses that kept him from thinking clearly. And in addition, there have also been— So, I'm sorry, you keep going, go ahead, answer. I was just going to finish up and say that there were other letters from the same medical professional that listed Mr. Riebensdorf's medical conditions, the medication he's taking, and the effects of those medications. In Ferelli, what we actually said is that if a court received verifiable evidence from a mental health professional, so Dr. El-Shafei, demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent. Right, all right. Where in this letter does the psychiatrist make that determination or suggest that? He does not. And our contention is that that's not a requirement for Rule 17 C protections to be— But you're relying on Ferelli, which— Yes, and so what I would focus on is the language that says mental illness of the type that would render him legally incompetent. What was his mental illness? He has a variety. He's been treated for post-traumatic stress disorder, for severe anxiety, for depression, and he's been treated since 2014. He's still being treated today. I have finally found the letter, and the letter in which he refers to your client being delusional is at the time of his arrest. Right. Not at the time of settlement. Right. There is no assertion, and I think that your argument was misleading. There is no suggestion by any health care professional that he was delusional at the time of settlement. What the doctor then says on October 3rd is that he signed the settlement not knowing what he was doing at the time and was not in the right state of mind. Well, how would the doctor know that? Your Honor, that is the question that should have been asked. How would the doctor know that? Tell me, give me your proffer. What are you going to put in? The doctor would have known that based on his years of treating Mr. Riebensdorff and knowing what medications he was on. Was he never in the right state of mind, and what does that mean, that he wasn't prepared to do it or that he didn't know what he was doing? There's also discussion in here about his medications. Nobody tells us what his medications are or what the consequences of them are. Meanwhile, we have a magistrate judge who went through this painstakingly with Mr. Riebensdorff and concludes that he did understand what he was doing. Respectfully, Your Honor, the magistrate judge was told on the day of the settlement conference by Mr. Riebensdorff, I got new medication yesterday. So the magistrate judge knew that he had a mental illness that he was being treated for, and in a settlement conference where he's being asked to waive substantive rights. Still not telling us what that mental illness is in terms of his being able to make a decision. I mean, if he has anxiety problems and he's on medication and they're controlling it, I mean, I'm not sure what the problem is. We take guilty pleas from such people all the time. Your Honor, I think that the distinction here is that the Rule 17c requirement is triggered solely by existence of documentation by a mental health professional, which appeared in this case. And the documentation, if you're agreeing, does not identify his illness, does not identify his medications, and does not identify the basis for concluding that the plaintiff was not in the right state of mind when he entered the settlement. Your Honor, there is documentation that was entered in the same filing, ECF number 9. On page 12, there is reference to his anxiety disorder, his adjustment disorder. Neither of which suggests that he can't make an informed decision. Your Honor, there's another letter, and I can't, let me try to find it, where the psychiatrist states that Mr. Rievenstorp's condition precludes him from making, from working under pressure. So, does that mean he can never make a decision? In this case, he was unrepresented. So, to ask him to make a decision given his mental incapacity without any counsel, I think that's the distinction here, that it was someone with a documented history of mental incapacity. So, if he did not have any counsel, as he had requested, and it was not ruled on, this issue would not be before the court. Okay. Thank you very much. You've reserved some time for rebuttal. We'll hear from your adversary. May it please the Court, Jeremy Schweder for Officer Grant. I'll just address the doctor's letters first. I would best describe what the doctor was doing here as being a patient advocate. I don't believe that anything he said really rose to the level of what Pirelli says, verifiable evidence from mental health professionals demonstrating that he's been treated for a mental illness of the type that would make him legally incompetent. The doctor here said a number of things which were, at a minimum, conclusionary. Really, he was... Do you have to use, or does a psychiatrist or mental health professional, in the context of determining whether a hearing should have been triggered or held, does that professional have to use the words legally incompetent? So, what needs to happen, what needs to be said for a professional to trigger a hearing? I think you need to start with what are exactly the mental health problems that the person has. So, you can start with that. Here we have anxiety disorder, adjustment disorder with depressed mood, and severe depression. You could have other ones where you would say, that one, there is nobody who is going to be competent and needs a guardian ad litem. But none of these would rise to that level. So, you need to go beyond that and go, he has something. And let me explain to you why this person with this condition cannot make decisions. And none of that appears in the letters. We have extremely conclusory statements of things that the doctor has no basis of knowing. For instance, he goes back and he says, he was forced to plead guilty under duress conditions. He suffered at the hands of your legal system. He was falsely accused and pressured into pleading to a crime he never committed. How is the doctor supposed to know that? And I think it kind of poisons, I guess that's not the right word, but goes to everything he says after that when he makes these conclusory statements. I think he's being a patient advocate here. I thought your argument was that the standard is that the degree of mental illness has to be of a type that would render him legally incompetent. Well, that's the first argument. And that's exactly right. And I thought your argument was that whatever his various combination of mental concerns were, that nobody has suggested they rise to the level of requiring him to have a guardian or that they would render him legally incompetent. That is correct, Your Honor. And that is our argument. And I think it's noteworthy that even today, my colleague here has basically said the doctor doesn't really show any of the things that would do that. I thank you for pointing out that the comment about delusional was referencing something very different than what occurred here. It was referring to what happened when he was arrested. It's not really, the doctor's never come and said this is somebody who's delusional at all times. And in fact, I think that a doctor who understood what he was doing would say, would be indicating to the court, this is not somebody who should be allowed to make decisions on their own. And that's not something that's ever in any of these letters. Basically, the letters say, give him a little break. He's stressed out. And that's what these, that's the kind of theme of these letters here. Let me ask you this. Why was De Novo review appropriate here? Speak to the appropriate level of review by the district court. I think it's pretty well established that general objections, non-specific objections do not get De Novo review. Now there, I thought in their reply brief. We've never so held. Is that right? I think you have held that a objection that just repeats earlier objections actually waives any right to even an appeal. And that was in Mario versus PC food markets. So you didn't address that question, but you actually said, we're not even going to consider your appeal. And there are other questions we've not held. Well, I think by negative question, by negative implication you have. So you've had, you've had summary orders, which have specifically said that. And you've had, you've had a Moss v. Colvin, which basically said, look, in this case, we're going to say that we should do De Novo review because in this case, the person would have had to repeat the objections. I think by negative implication, you could say the court didn't reject the idea that De Novo review can never apply when there's an objection, which it certainly could have done in that case. And I think you can. There are circumstances where we've held that the magistrate's findings nevertheless have to be viewed De Novo by the district court. Nevertheless, in, sorry, in terms of. When a defendant, a defendant can allocute to a guilty plea before a magistrate judge, but before a district judge has to accept the plea and has to make its own finding that the plea was knowing involuntary. Now, usually that's pretty pro forma because the parties don't object. But if there were an objection, there might have to, the plea might have to be taken all over again. That's true. I don't think that's the situation they're trying to analogize themselves to. I mean, so that, I don't think, I mean, it would certainly be a change. And I don't think this court has certainly had the opportunity many times and has not come down with a holding saying any time there is any sort of generalized objection, De Novo review is going to apply. Isn't the embedded problem here that the standard of review that you were advocating for raises Article III problems? I mean, the way this magistrate statute works as I read it is that certain matters can be delegated and handled by a, on consent by a judicial officer who is not an Article III judge, but when the rubber hits the road at the end of the day, the judgment has to be from an Article III judge. And if the judge does not go through the exercise of reviewing the findings when they're objected to, then that seems to me, or at least arguably shifts power from an Article III judge, which under the statute, they didn't specifically say it, but the statute contemplates that the final decision would be made by the Article III judge. But it, well, the statute, I mean, it sounds like what you're saying is that the statute itself is unconstitutional because the statute says when there has been specific objections, De Novo review is going to apply. So there's another question about whether that statute on its own is unconstitutional. I'm not going, I don't think that this is the case that I'm going to argue that that would be, from my understanding, the first time any court has found that. Your view is that no matter what the standard is, you prevail. That is correct. Harmless error, certainly unharmless error, which this court can do its own De Novo review. It's done it before. I've cited the cases. Let me suggest to you that the specific objection requirement is so that the judge understands exactly what the objections are. It doesn't alter the fact that the judge may have an independent review requirement. That's possible. When someone says, I object to the magistrate's view, the district judge doesn't say denied necessarily. It says to them, you have to state specifically what your objections are. So I'm not sure I quite understand your suggestion that we would have to go so far as to find the statute unconstitutional. Well, it seems that there was a suggestion that De Novo review has to apply in every circumstance and there can never be anything other than De Novo review. What's not specific about the objections here? I'm not sure I understand what you're arguing here. Sure. I think this is a case where Mr. Riebensdorf came in and said, I'm objecting for all the reasons that I said to the magistrate judge. And it's in those circumstances where courts have said, that's a generalized objection. You can say, I'm just, look at what I said to the magistrate judge, but that's, that's not, that's not different than just saying I object. And that's really what this was. To make that a requirement, I'm not sure that that's an article three problem per se. I don't know either. I don't think I'm here to try to change. Magistrate judges hold hearings on preliminary injunctions. They hear and review things that go on for days. Then when they get to the district court, the district court wants to know what the, what the specific objections are here. Did anyone not understand that his objection was that he was not in a mental frame of mind to enter this settlement and that he had been misled by the conversation with the attorney? Well, aren't those, weren't those the two issues that he was complaining about to the district judge as well as the magistrate judge? I think the question is, does the district court understand what part of the R&R is being objected to? Not what the arguments are, because those arguments were already presented. When it gets to the district court, the district court wants to know what part are you objecting here to? Well, you know, that's not, that's not exactly what the statute says. It says he's required to, the district court is required to make a de novo review, a de novo determination of those portions of the report to which objections are made. So if a litigant says I object to the whole thing, why doesn't that trigger a de novo review under the terms of the statute? Because then you don't really know what they're objecting to. You review the whole thing. It's cumbersome. It's not how we usually proceed. But the question is, why isn't that kind of blanket objection covered by the terms of the statute? It would be a change to the practice. It would be a change to what I understand other courts around, other circuits around the country have done. I'm not going to sit here and fight that hard for it. I think that this is a harmless error. The statute doesn't seem to be as narrow as you would have us believe. Maybe not, but I think every other district court would also, has also gone with it. I mean, I think that it's very hard to find any district court that has not looked at a generalized I object and said, you don't get de novo review on this. Let me just bring up the actual order here too, because I think it's a little muddled what the court was in fact doing here. I'm not sure how it's totally relevant, but I want to bring it to your attention, which is that the court said, you know, he said what the standard was. He said clear error standard applies if the party merely reiterates. And then it says plaintiff raises no new arguments. And then he goes on to say there is no credible evidence the plaintiff was unable to understand. It's actually not totally clear to me what the court did look at, didn't look at. It looked like the court actually looked at some of the evidence here, didn't just do plain clear error review. To the extent that the issue was whether or not he was legally incompetent and could understand the settlement proceeding, it seems that Judge Kogan dealt with that. Judge Kogan dealt with that in terms of deciding whether he was competent or not. Yes. And again, I think that this is a case that called out for harm. And that's your, that's the argument. Okay. Yeah. Thank you. Your Honor, with respect to the discussion on the appropriate standard of review, Judge Kogan did not state that Mr. Riebenstorff's objections were too general to be afforded de novo review. What he said was that he cited the clear, that clear error standard applies if a party merely reiterates original arguments. He goes on to say plaintiff raises no new arguments in his objections. So by inference, he's applying the clear error standard of review to objections that were previously raised. So it's not, he's not determining that the objections are too general and not sufficiently specific under the statute. And the clear error standard for arguments that have already been raised has not been, has not been accepted by any other circuit. It has not been accepted by this circuit. And in the case that the appellee cites, Moss versus Colvin, where he says that the court kind of punted the issue and said, we're not even going to reach the issue of standard of review, whether it's appropriate. This court actually expressed skepticism about this clear error standard in light of repeated arguments where it's necessary to repeat an argument where a magistrate judge was, where an objection. Would you agree? So you may be right, you may be wrong, but Judge Kogan does seem to address the central issue, which is the, your client's competence during the settlement hearing. We would, we would respectfully not agree, Your Honor. So what do you make of that sentence? It's one sentence. And it's one sentence, but it, you can't divorce it from the previous sentence that says plaintiff raises no new arguments in his objection, which is based on the standard for clear error. So while there could be an argument that there was de novo review, even if that is found, there's still harm, the error is still not harmless because here, Mr. Rebensdorf should have been appointed counsel under a Rule 17c hearing and that inquiry needed to have been made. And also the district judge never considered . . . legally incompetent or the functional equivalent of that. That's the standard. Not just that he has a mental illness, that it, that he's got mental defects equivalent to legal incompetency. Your Honor, the error here is a failure to even consider that inquiry. But no, no, no mental professional says that his deficits rise to that level. There's no requirement in the rule explicitly that the mental professional themselves have to make that determination. It's really the court's duty, especially for someone who's, who's unrepresented to make that determination. And I also want to mention the fact that the district court did not give any consideration. How can we entrust district judges to make that decision in cases where, in cases like this? Your Honor, there's a competency hearing that's held and it's determined, you know, the medical professional is brought in to provide testimony. And the court can decide whether, especially in the case of the settlement agreement, whether Mr. Riebenstorff had the appropriate mental capacity. Reggie points out the . . . your client was, was observed over a non-insubstantial time period by this magistrate judge. And there's nothing in the record, it seems to me, that that, that suggests that you had a, a, a level of mental illness that rose to incompetence. Your Honor, without a hearing, that is an, that's an inappropriate determination. Morelli says that you don't have to hold a hearing just because the judge observes behavior, mental incompetence. The, the failure is an abuse of discretion if the court is presented, one, with evidence from a court record that the party has been adjudicated incompetent. That's not this case. Or two, and this is the, the problem I have, if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent. And I don't see that the materials you've put forward would give a judge a reason to think that he wrote, that his deficits were of that severity. Your Honor, we would argue that a history of delusions, granted the delusion was in with respect to the arrest that happened and the plea that he entered into, but the fact  the doctor says he was delusional at the time of the arrest. Right. What's the history of delusion? I mean, I understand you're, you know, you have this case pro bono and we appreciate your vigor on behalf of your client, but I'm concerned about whether or not the record rises to this level such that even if the, we don't, whether or not we reach the question of, of de novo review, you're, you couldn't satisfy it on this record. Your Honor, we, we argue that we could, but I also want to make one more distinction in the magistrate judge's district, in the magistrate judge's decision where he failed to address or consider, maybe he considered the evidence about mental illness, but he failed to consider any evidence related to the misleading, being misled by the city council regarding the general release and the fact that he would have to enter into a general release. And that in itself clearly shows that there was no de novo review or clear error review given to that objection and any objection to report and recommendation must be given de novo review. Thank you. We've asked you a lot of tough questions, but as chair of the Second Circuit's pro bono committee, I want to thank you on behalf of the panel and the entire court for your service and thank you. We'll reserve decision.